Filed 2/26/14  P. v. West CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059558 |
| v. | (Super.Ct.No. FSB905339) |
| DARRYL DEMETRIOUS WEST, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Beatrice C. Tillman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Darryl Demetrious West filed a petition pursuant to Penal Code section

1170.126[1] for resentencing. The court denied the petition. After defendant's trial counsel filed the notice of appeal, this court appointed counsel to represent defendant.[2] Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case, a brief statement of the facts, and identifying one potentially arguable issue: whether the trial court erred in finding defendant ineligible for resentencing pursuant to section 1170.126. We affirm.

FACTUAL AND PROCEDURAL HISTORY

A jury convicted defendant Darryl Demetrious West of corporal injury to a former cohabitant (count 1 – § 273.5, subd. (a)) and assault by means of force likely to produce great bodily injury (count 2 – § 245, subd. (a)(1)).[3] The jury additionally found true allegations defendant inflicted great bodily injury in his commission of the count 1

---

[1] All further statutory references are to the Penal Code.

[2] We note the appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [appealable].) Even if we were to conclude it was a nonappealable order, we could consider, in the interest of judicial economy and because of uncertainty in the law, that defendant's appeal is a petition for writ of habeas corpus or writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928 fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

[3] We take judicial notice of our opinion in E053086, defendant's appeal from his original conviction and judgment.

2

offense (§ 12022.7, subd. (e)) and inflicted great bodily injury involving domestic violence in his commission of the count 2 offense (§ 12022.7, subd. (a)).

After a bifurcated proceeding thereafter, the court found true allegations defendant had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds.(a)-(d)), two prior serious convictions (§ 667, subd. (a)(1)), and four prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to a total prison term of 44 years to life.[4]

Defendant filed a petition pursuant to section 1170.126 for resentencing. The court denied the petition without a hearing. Thereafter, defendant filed a motion for reconsideration of the denial of his petition and for a hearing on the matter. At a hearing on the matter, the court again denied the motion finding defendant ineligible for resentencing.

## DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues. (§§ 1170.126, subd. (e)(2), 667, subd. (e)(2)(C), & 667.5, subd. (c)(8) [Defendant ineligible for resentencing pursuant to section 1170.126 where he has been convicted of any felony in which he inflicted "great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7, . . ."].)

---

[4] On appeal, we modified the judgment to strike two of the one-year enhancements imposed under section 667.5, subdivision (b).

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
J.

We concur:

RAMIREZ_____
P. J.

KING_____
J.